Filed 10/26/20  P. v. Luna CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADRIAN ANGEL LUNA,<br><br>    Defendant and Appellant. | F079360<br><br>(Super. Ct. No. CR-18-001511)<br><br>**OPINION** |

### <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy Ashley, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Peña, J. and Smith, J.

Appellant Adrian Angel Luna appeals following his no contest plea and sentencing on one count of assault likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4) [Count 1]) and one count of participation in a street gang (§ 186.22, subd. (a) [Count 3]).  Appellant contests a single term of his felony probation, arguing it is an improper delegation of judicial authority.  The People contest the merits of this argument, but claim reaching it is unnecessary as the appeal is procedurally barred.  For the reasons set forth below, we agree with the People and dismiss the appeal for failure to obtain a certificate of probable cause.

### FACTUAL AND PROCEDURAL BACKGROUND

Following an incident where appellant and some gang associates attacked another person, appellant was charged with count 1 with an enhancement for personally inflicting great bodily injury; count 2, battery with serious bodily injury; and count 3.  Appellant opted to plead no contest to counts 1 and 3, in exchange for dismissal of both the enhancement to count 1 and count 2.

As part of the plea and sentencing proceedings, the court explained to appellant his plea included being "placed on felony probation for three years and ordered to spend 240 days in jail for both the charges, along with all the terms and conditions of your felony probation."  Appellant confirmed he understood this and raised no objections.

The documents explaining the terms of appellant's formal probation included eight standard terms and 13 additional terms, identified as gang specific.  Relevant to this case, one of the eight standard terms provided appellant must "[p]articipate and complete general counseling and education at the discretion of and as directed by the Prob. Officer."  After taking appellant's plea, the court specifically informed appellant of this term when reviewing the terms of probation.  Appellant confirmed he understood the terms of his probation and, when asked if he accepted those terms, responded, "Yes."

---

**1**    All further statutory references are to the Penal Code.

As the proceedings closed, the court asked appellant's counsel whether appellant was "going to try to get into a program." Counsel responded affirmatively, to which the court responded, "I'll put your jail time out for three months…. And that's only if you're not in one of the programs. So if you're signed up in the [*sic*] one of the programs like you plan on doing, you don't need to worry about that jail report date."

Appellant filed a form notice of appeal. No certificate of probable cause was requested or obtained.

## DISCUSSION

The People contend, and we agree, that a certificate of probable cause was required to pursue this appeal.

Under section 1237.5, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere … except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

"If a defendant enters a guilty or no contest plea and fails to obtain a certificate of probable cause, the scope of an appeal is generally limited to challenging a motion to suppress evidence and raising grounds arising after entry of the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b).) When a defendant raises a claim that a negotiated sentence is unconstitutional or that the trial court lacked authority to impose the negotiated sentence, the challenge is, in substance, an attack on the validity of the plea, requiring a certificate of probable cause. (See *People v. Shelton* (2006) 37 Cal.4th 759, 769–771; *People v. Panizzon* (1996) 13 Cal.4th 68, 79.)" (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1220.)

3.

In this case, appellant entered into a negotiated plea with a sentence that included several terms of probation. The court informed appellant those terms were part of the plea and later confirmed the specific terms with appellant. Appellant's attack on the terms of the negotiated sentence, then, constitutes an attack on the plea and requires a certificate of probable cause to proceed.

Appellant contends such a result emphasizes form over substance and argues the record suggests the terms of probation were not part of the plea agreement. We disagree. The statutory scheme is clear as to when a certificate of probable cause is required. In essence, the form in this case is the substance. Further, the record contradicts appellant's claim the terms were insignificant. The record shows appellant reviewed and signed a document identifying the terms of his probation, that the court was aware of these terms before the plea was taken, and confirmed they were part of the deal. Further, with respect to the counseling term, the conclusion of the proceedings show the court was aware appellant intended to enter into some form of diversion or counseling program and was basing appellant's potential jail time on that conduct. Such a modification would not be required unless the terms and conditions of probation related to counseling were material to the plea.

Ultimately, appellant's challenge is fundamentally to the terms of his plea agreement. Regardless of the potential merit in his substantive argument, he was required to seek and obtain a certificate of probable cause to proceed. He did not. His appeal is therefore improper.

**DISPOSITION**

The appeal is dismissed.

4.